THE STATE OF OHIO, APPELLEE, *v.* McLEOD, APPELLANT.

[Cite as State v. McLeod, 1 Ohio St. 2d 60.]

(No. 37465—Decided December 29, 1964.)

*Mr. George Pappas,* prosecuting attorney, for appellee.
*Messrs. Hershey, Browne, Wilson, Steel & Wolfe* and *Mr. John L. Wolfe,* for appellant.

*Per Curiam.* In the *Massiah case,* the defendant, after being indicted for violating the federal narcotics law, retained a lawyer, pleaded not guilty and while free on bail made incriminating statements in an automobile to a confederate who had decided to co-operate with the government. Those statements were overheard by a government agent by means of a radio hidden in the automobile and, over his objection, were used against the defendant at the trial.

In the majority opinion by Mr. Justice Stewart it is stated (84 S. Ct., 1199, 1203):

"We hold that the petitioner was denied the basic protections of that guarantee [Sixth Amendment guarantee of right to assistance of counsel] when there was used against him at his trial evidence of his own incriminating words, which federal agents had deliberately elicited from him after he had been indicted and in the absence of his counsel."

Although the statements in the *Massiah case* were made voluntarily by the defendant, they were elicited by an accomplice who had agreed to co-operate with the government. At the time defendant made the statements, he had no knowledge that the conversation was being overheard by a government agent and would be used against him at his trial. Here, on the contrary, defendant's statements, though made at a time when he had no counsel, were made willingly in the known presence of public officers.

In his concluding sentence in the *Massiah case*, Mr. Justice Stewart said (84 S. Ct., 1199, 1203):

"All that we hold is that the defendant's own incriminating statements, obtained by federal agents under the circumstances here disclosed, could not constitutionally be used by the prosecution as evidence against *him* at his trial."

In both *Massiah* and *Escobedo* v. *Illinois*, 12 L. Ed. (2d), 977, 84 S. Ct., 1758, the excluded incriminating statements were obtained while the respective defendants were represented by counsel. In *Massiah*, those statements were obtained by trickery. In *Escobedo*, they were obtained by an affirmative interrogation of defendant after a denial of his request to consult with his counsel.

In the instant case, defendant's incriminating statements were made by him while he was voluntarily endeavoring to aid the police in securing evidence of the crime. Defendant was not then represented by counsel and had not even requested counsel. Our statutes provide that "after a copy of an indictment has been served * * * the accused shall be brought into court, and if he is without and unable to employ counsel, the court shall assign him counsel" at state expense. Sections 2941.49 to 2941.51, inclusive, Revised Code. As to defendant, this had not yet been done. It was done before his arraignment. Succeeding statutes specify that, after counsel has been assigned, the defendant through counsel shall have every opportunity to fully assert all rights to attack the indictment before being "arraigned" and "asked to plead thereto." Sections 2941.49 to 2943.03, inclusive, Revised Code.

In *Massiah*, the opinion of the court by Mr. Justice Stewart states:

"We do not question that * * * it was entirely proper to continue an investigation of the suspected criminal activities of the defendant and his alleged confederates, even though the defendant had already been indicted. All that we hold is that the defendant's own incriminating statements, obtained * * * under the circumstances here disclosed, could not constitutionally be used * * * against *him* * * *."

At another place, that opinion mentions a right to counsel "from the time of * * * arraignment."

In the instant case, defendant had not yet been arraigned

and, as hereinbefore indicated, the "circumstances" under which his incriminating statements were given were wholly different from those in *Massiah*.

The holding of the court in *Escobedo* is stated in the court's opinion (12 L. Ed. [2d], 977, 986) by Mr. Justice Goldberg where one of the controlling factors specified and emphasized is that "the suspect has requested and been denied an opportunity to consult with his lawyer," a factor wholly absent in the instant case.

Mr. Justice White's statement in the dissenting opinion in *Massiah* that "it is * * * a rather portentious occasion when a constitutional rule is established barring the use of evidence which is relevant, reliable and highly probative of the issue which the trial court has before it—whether the accused committed the act with which he is charged" is most persuasive.

He indicates doubt as to what "the content or scope of the rule" involved in that case "may prove to be."

In a dissenting opinion, Mr. Justice Stewart expresses alarm about the extension of that rule being made in *Escobedo*. Mr. Justice White apparently believes that that rule unreasonably raises "additional barriers to the pursuit of truth." A decision which would extend such a rule beyond where it has already been extended would be required in order to reverse the judgment in this case.

The circumstances here being different as to the manner in which the statements were obtained in the *Massiah case,* we are of the opinion that the judgment of the Court of Appeals should be affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, GRIFFITH and HERBERT, JJ., concur.

O'NEILL and GIBSON, JJ., dissent.

GIBSON, J., dissenting. History has a way of repeating itself. Twice within the past two years, the Supreme Court of the United States has remanded cases for the purpose of giving this court the opportunity to reverse itself rather than be reversed. In 1963, the case of *Doughty* v. *Sacks,* 372 U. S., 781, was remanded, and in 1964 the case of *McLeod* v. *Ohio,* 84 S.

Ct., 1922, decided June 22, 1964, was remanded. The *per curiam* opinions remanding the two cases read in pertinent part as follows:

| Doughty | McLeod |
|---|---|
| "The motion for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted. The judgement is vacated and the case is remanded for further consideration in light of *Gideon* v. *Wainwright,* 372 U. S., 335." | "The motion for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted. The judgement is vacated and the case remanded to the Supreme Court of Ohio for consideration in light of *Massiah* v. *United States,* No. 199, October Term, 1963, decided May 18, 1964." |

Ignoring the opportunity to reverse itself and without regard to the constitutional doctrine of *Gideon,* this court upon remand of *Doughty* attempted to distinguish the cases on the basis of factual differences and adhered to its prior judgment. *Doughty* v. *Sacks, Warden* (1963), 175 Ohio St., 46. Once again the majority of this court ignores the opportunity to reverse itself without regard to the constitutional doctrine of *Massiah* (84 S. Ct., 199) and rather attempts to distinguish *McLeod* from *Massiah* on the basis of factual differences and reaffirms its prior judgement.

In view of the strikingly similar *per curiam* opinions of the Supreme Court of the United States in *Doughty* and *McLeod* and, what in my opinion, is the clear constitutional doctrine of *Massiah,* I cannot understand why the majority insists upon reaffirming its prior judgment. Surely no judge of this court can relish being told again, as we were in *Doughty* v. *Maxwell* (1964), 376 U. S., 202, 84 S. Ct. 702, upon reappeal, that we must reverse our judgment. *McLeod* should be reversed now on the basis of *Massiah* rather than after another appeal.

It is undisputed that McLeod was indicted by the Summit County Grand Jury on October 3, 1960; that the statements against interest by McLeod were made on October 11, 1960, while he was riding in a car with witnesses Vaughn and Pappas (the chief deputy sheriff and assistant prosecuting attorney); and

that he was not arraigned until October 14, 1960. The Court of Appeals in its opinion of October 25, 1961, stated, *inter alia*: "There is no evidence contained in this record which indicates that the statements against interest made by the defendant to the witnesses Vaughn and Pappas were the result of coercion, threats, or promises, or that the defendant told them that he desired counsel to advise him. It will be observed that the statements of defendant to Vaughn and Pappas were made before arraignment, and before the Court had been advised that the three defendants were indigent and would require appointed counsel."

It can safely be assumed that the chief deputy sheriff and the assistant prosecuting attorney did not advise defendant of his right to counsel or the Court of Appeals would certainly have noted this fact. Thus, there is no possibility of a waiver of defendant's right to counsel after being informed of his right thereto.

In *Massiah* the court in relying largely on *Spano* v. *New York* (1959), 360 U. S., 315, noted that, while Spano's conviction was reversed because of the coerced confession, four concurring justices pointed out that the Constitution required reversal on the sole and specific ground that the confession had been deliberately elicited by the police *after the defendant had been indicted, and therefore at a time when he was clearly entitled to a lawyer's help*. True, in *Massiah* the defendant had counsel who was absent when defendant made statements against his interest. But if the use of such statements after indictment of an accused whose counsel is absent is, under the Constitution, prohibited, as *Massiah* holds, there can be no question that the plain import of the opinion is that the Constitution prohibits the use of statements against interest by a defendant who has not even been advised of his right to counsel.

The constitutional requirement imposed upon all states by virtue of *Massiah* and *Gideon, supra,* merely confirms the long standing constitutional and statutory standards of Ohio. Section 10, Article I, Ohio Constitution, provides, as it has in substance since 1802, that in all criminal prosecutions the accused has a right to be heard in person and by his counsel. Since 1869 (66 Ohio Laws, 287, 303, Section 104) Section 2941.50, Revised Code, has provided in pertinent part that "After a copy

of an indictment has been served or opportunity had for receiving it, the accused shall be brought into court, and if he is without and unable to employ counsel, the court shall assign him counsel, not exceeding two, who shall have access to such accused at all reasonable hours.''

This court has held that under this mandatory provision a defendant is entitled to have counsel appointed *before arraignment*. *In re Burson* (1949), 152 Ohio St., 375. In my opinion, Section 2941.50 requires that the accused be brought into court promptly to determine whether he needs counsel. Surely, a defendant who was indicted on October 3, 1960, and who was not brought into court until October 14, 1960, which was subsequent to October 11, when the statements were made, has been deprived of his statutory rights.

Failure to bring defendant into court until October 14, when he was arraigned, also frustrated the purpose of Section 2941.52, Revised Code, which provides: ''After the accused is brought into court and counsel has been assigned to him as provided by Section 2941.50 of the Revised Code, the court shall allow the accused a reasonable time to examine the indictment and prepare exceptions thereto.''

For the foregoing reasons, I would reverse the judgment of the Court of Appeals and remand the cause to the Court of Common Pleas for trial without the unconstitutionally obtained statements of defendant against his interest.

O'Neill, J., concurs in the foregoing dissenting opinion.