Original,
No. 5297.

CHARLES WHITE

*v.*

PARKER L. HANCOCK, *Warden & a.*

Filed October 20, 1964.
Supplemental petition filed January 4, 1965.
Decided February 26, 1965.

*Charles White* (by brief) pro se.

BLANDIN, J. These proceedings belong to a series of petitions and motions for a new trial filed by the plaintiff since his conviction by a jury of the offenses of aggravated assault, kidnapping and robbery was affirmed by this court on December 3, 1963. *State* v. *White*, 105 N. H. 159.

In May 1964, the plaintiff filed a petition for certiorari in the United States Supreme Court, which was denied on October 12, 1964. 85 S. Ct. 103. Following this, on October 20, 1964, the plaintiff petitioned this court for a writ of habeas corpus with a request that it be "returnable within 10 days." On October 25, five days later, he advised this court as follows: "If no action is taken or contemplated by the Court by Wednesday, October 28, I will take the action into Federal District Court." On November 3, 1964, he filed a petition for habeas corpus in the United States District Court for the District of New Hampshire under 28 U.S.C., *s.* 2241. After a full hearing, held on

December 7, at which the plaintiff appeared pro se and testi- fied, the petition was dismissed on December 21, 1964. The grounds for the dismissal were that the plaintiff has not ex- hausted his remedies in the state court as required by 28 U.S.C., s. 2254.

In his present petition he has asked, and we are granting his request, that all the allegations which he placed before the Dis- trict Court be considered together with two others set out in his petition of October 20, 1964 and its supplement filed January 4, 1965, in this court. All these allegations have been before us in effect in the numerous petitions and motions which he has pre- viously filed and which we have denied. We have now re- examined all of them and find them to be without substance. However, in the light of recent United States Supreme Court decisions, we deem it advisable to discuss his claim that he was deprived of his rights under the Sixth Amendment to the Federal Constitution as "made obligatory upon the States by the Four- teenth Amendment." *Gideon* v. *Wainwright*, 372 U. S. 335, 342.

The basis of his claim is that the Trial Court erroneously admitted his oral confession found by the Court as a prelimin- ary matter to have been voluntary. He relies upon the authori- ty of *Escobedo* v. *Illinois*, 378 U. S. 478 and *Massiah* v. *United States*, 377 U. S. 201, to sustain his position. Since the Su- preme Court has repeatedly approved the principle that each case must be considered upon its own peculiar facts (see *Esco- bedo* v. *Illinois, supra*), we deem it proper to discuss the salient features of the present situation.

The record, including numerous petitions and briefs filed in support by the plaintiff White himself, both before and after he discharged his counsel who represented him at the trial, show him to have been a mature man of no small degree of educa- tion, with long experience in criminal courts and their proce- dures. He also appears possessed of a keen mind and an unusual knowledge, especially for a layman, of criminal law and its most recent developments.

There was ample evidence to support a finding that he made his confession to the sheriff and county attorney without threats, promises or inducements, and after he had been warned of his rights, while they were conveying him from Newfane, Vermont, to Keene, New Hampshire. In regard to counsel, the plaintiff himself testified at the trial that on this trip "I was told I had

to have an attorney. I said I didn't want one and I was told I had to have an attorney." It appears that he volunteered his confession even before they had begun to question him about the crimes. While on the stand, it is true he denied the confession, but he admitted that everything he said on this trip was of his own free will. Furthermore, the substance of his confession was corroborated by independent evidence.

We believe that these facts clearly distinguish this case from *Escobedo* and *Massiah*. We do not interpret them as establishing a rule which, in effect, would go to such lengths as to bar a confession made under the circumstances of this case.

The plaintiff's petition for a writ of habeas corpus and his supplemental petition filed January 4, 1965 are denied, and the order is

*Petitions dismissed.*

All concurred.