Charles WHITE, Petitioner, Appellant,

v.

Parker L. HANCOCK, Warden, et al.,
Respondents, Appellees.

No. 6557.

United States Court of Appeals
First Circuit.

Heard Oct. 4, 1965.

Decided Jan. 17, 1966.

Arthur E. Sutherland, Cambridge, Mass., by appointment of Court, for appellant.

William J. O'Neil, Asst. Atty. Gen., with whom William Maynard, Atty. Gen., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE, Circuit Judge, and CAFFREY, District Judge.

ALDRICH, Chief Judge.

Petitioner, White, having been convicted in the state of New Hampshire of kidnapping and allied offenses, and having exhausted his state remedies, brought a petition for habeas corpus in the District Court, alleging sundry invasions of his constitutional rights. The court, on reviewing the state court record, and without taking evidence, dismissed the petition. White appeals.

Briefly, the facts are these. On August 21, 1961, a woman was kidnapped, beaten and robbed in the town of Hinsdale, New Hampshire. White was arrested that same day near Brattleboro, Vermont and held at the police station. He was interviewed that night at the station by one Walker, a New Hampshire sheriff, who warned him that he need not answer questions. White, in fact no novice, declined to talk. He also refused to waive extradition. An attorney

was appointed for him, and after hearing, an order of extradition was entered by the court at Newfane, Vermont on October 26, 1961. Meanwhile, White had been indicted by a New Hampshire grand jury.

On October 26 Walker and the then County Attorney, Olson, took White back to New Hampshire by automobile. During the ride, according to them, he inquired what recommendations would be made as to sentence if he pleaded guilty, and made various other statements of an incriminating nature. According to White, he made no incriminating statements, but it was made plain to him that if he did not plead guilty the next day he would be held at a bail he could not make until the next term, four months later. White claims he made a deal to plead guilty for a favorable recommendation. At some point in the conversation, precisely when has not been determined, he was told that he must have counsel, but this alleged necessity may have related only to the arraignment the next day. Apparently he was not specifically told that he need not answer questions. It may be that he was not asked questions, at least any direct questions.

In this recitation we omit, as not presently necessary, a number of matters, including what took place after the automobile ride, but before trial. At the trial, over White's objection, the foregoing alleged statements to the officers were admitted in evidence. On appeal his conviction was affirmed. State v. White, 1963, 105 N.H. 159, 196 A.2d 33, cert. den. 379 U.S. 854, 85 S.Ct. 103, 13 L.Ed.2d 57. His state habeas corpus petition was also dismissed. White v. Hancock, 1965, 106 N.H. 172, 207 A.2d 435. He now seeks review by the federal courts, claiming infringement of his constitutional rights, citing Massiah v. United States, 1964, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, and McLeod v. Ohio, 1965, 381 U.S. 356, 85 S.Ct. 1556, 14 L.Ed.2d 682, which reversed, without opinion, State v. McLeod, 1962, 173 Ohio St. 520, 184 N.E.2d 101, remanded, 1964, 378 U.S. 582, 84 S.Ct. 1922, 12 L.Ed.2d 1037, on remand 1 Ohio St.2d 60, 203 N.E.2d 349.

Admittedly here there appears to be no trickery, no use of a former acquaintance, perhaps not even a deliberate attempt to persuade appellant to talk in the absence of counsel. On the other hand, this is a postindictment case. Whatever the rule may be as to preindictment cases, compare, e. g., United States ex rel. Russo v. State of New Jersey, 3 Cir., 1965, 351 F.2d 429, petition for certiorari filed (U.S. Dec. 20, 1965) (No. 834), with United States v. Childress, 7 Cir., 1965, 347 F.2d 448, we regard the law as now settled that after indictment the obligation is upon the police to inform a defendant of his rights to silence and to court-appointed counsel. These rights may, of course, be waived. See Escobedo v. State of Illinois, 1964, 378 U.S. 478, 490, n. 14, 84 S.Ct. 1758, 12 L.Ed.2d 977. For this purpose the state may show that a defendant was not prejudiced by lack of contemporary instruction by the police. However, the burden must be on the state to establish that in fact the defendant already had full knowledge of his rights; that he understood that an attempt to exercise them would not be thwarted or penalized; and that with such knowledge he acted entirely voluntarily. Waiver of constitutional rights when a defendant has not been given contemporary information of what they are is not lightly to be inferred, and we believe in this circumstance the state's claim of knowledge on the defendant's part should be subjected to the "clear and convincing" test reserved for special policy situations. Cf. McCormick, Evidence (1954) Ch. 36, § 320.

The evidence before the New Hampshire court was highly inconclusive. We hold the district court should have conducted a full hearing. Cf. Kerrigan v. Scafati, 1 Cir., 1965, 348 F.2d 187.

White also alleges that Walker and Olson, in their testimony of what happened in the car, committed perjury. Perjury itself, even if established, does

not involve constitutional rights. Black v. United States, 9 Cir., 1959, 269 F.2d 38, cert. den. 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 15. White seeks to overcome this by alleging that since Walker and Olson were state officials the case is in legal effect one where the prosecution knowingly used perjury. See Alcorta v. State of Texas, 1957, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9. White does not allege that the prosecution knew that Walker's and Olson's testimony was false, and cites no case suggesting that because they were state employees their knowledge was to be imputed. He has an even greater difficulty. In the usual case in which, after trial, it is alleged that the prosecution knowingly used false testimony, a new factual issue is presented. Here nothing new is added. It was White's position at the trial in the state court that Walker and Olson were not telling the truth. The jury found against him. All that he is seeking now is to try over again the same question. That is not the function of habeas corpus.[1]

 We will mention briefly certain assertions in the petition that the prosecution knowingly used an incompetent witness. The court, with some justification, found these allegations factually insufficient. On this appeal counsel says we should make allowances because of White's lack of legal skill. We do not reach this question. Since White must be given an evidentiary hearing in any event, and presumably will have his own, or will be given counsel, this matter may be brought up again in the district court in proper form if, in the opinion of counsel, it is warranted.[2]

Judgment will be entered setting aside the judgment of the District Court and remanding the action for further proceedings not inconsistent herewith.

---

1. We might add, although it may seem unlikely, that theoretically the jury could have believed White's testimony when he stated Walker and Olson were not telling the truth, although it disbelieved his denial of having committed the offenses. If that were in fact the case, it would follow that White was not prejudiced by the perjury of the state witnesses. Either way, he has no federal claim.

2. This might be as good a place as any for us to express our view that if competent counsel, after investigation, considers a point worthless, the fact that he is court-appointed does not require him to pursue it. What procedure should sometimes be adopted by counsel to ask his discharge, if he has been appointed for a particular matter, we do not presently consider. However, the right to counsel, which the federal courts have long recognized, does not include the right to counsel, whether at counsel's expense, or government expense, to advance a totally frivolous claim merely because some layman thinks it has merit. One reason a defendant is given a lawyer is because he is legally ignorant. We have little sympathy with defendants, of which appellant is not presently one, who ask the appointment of counsel and often, as in the case at bar, for certain other consideration because they are laymen, and then develop, in their own opinion, great legal ability enabling them to criticize minutely the competency of their counsel. Cf. Williams v. Beto, Director, 5 Cir., 354 F.2d 698 (12/28/65). We mention this point, perhaps anticipatorily, because court-appointed counsel in this case did not press before us all of the matters which White saw fit to include in his petition.