(No. 38538.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FREDERICK HALSTROM, Plaintiff in Error.

*Opinion filed January 25, 1966.*

SMITH & MORRIS, of Chicago, (JOHN P. SMITH, of counsel,) appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED

G. Leach, Assistant Atorney General, and Elmer C. Kissane and Kenneth L. Gillis, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Underwood delivered the opinion of the court:

Defendant was convicted of a 1962 Chicago burglary after a jury trial in the circuit court of Cook County and sentenced to imprisonment for a term not less than ten nor more than twenty years. This writ of error presents his contention that admission of a confession over his objection at the trial violated his rights under the 6th and 14th amendments to the Federal constitution.

While the direct evidence, coupled with the inconsistencies in defendant's testimony, is sufficient to establish guilt, no constructive purpose is served by detailing these facts. It is sufficient to note that defendant left Illinois several days after the burglary and was subsequently arrested and convicted of armed robbery in Florida. Meanwhile, the Cook County grand jury had returned an indictment against defendant *in absentia* and two others, which was, as to defendant, stricken with leave to reinstate since defendant could not be found.

Upon learning of the Florida conviction, Chicago police sent a letter to the Florida prison in which defendant was an inmate, requesting the prison authorities to question defendant regarding the Chicago burglary. A signed confession was thereafter obtained by the prison personnel, the indictment reinstated and defendant was returned to Illinois for trial. It is not contended that defendant was advised of his right to counsel prior to the Florida interrogation. His claim that he requested a lawyer is disputed.

The narrow question presented on this writ of error is whether a confession, properly determined to be otherwise voluntary, is rendered inadmissible by the fact that it is obtained, subsequent to indictment, from a defendant who is

not represented by counsel and has not knowingly waived his right thereto. While the testimony at the hearing on defendant's motion to suppress the confession leaves little doubt that it was voluntarily made, we believe that under the decision of the United States Supreme Court in *Massiah* v. *United States,* 377 U.S. 201, 12 L. ed. 2d 246, 84 S. Ct. 1199, as applied in *McLeod* v. *Ohio,* 378 U.S. 582, 12 L. ed. 2d 1037, 84 S. Ct. 1922, its admission necessitates reversal of this conviction.

*Massiah* involved an incriminating post-indictment conversation surreptitiously secured from a defendant who was at that time represented by counsel. While some question existed whether that opinion prohibited the use of an otherwise voluntary post-indictment confession solely because defendant was unrepresented and had not knowingly waived his right to counsel, the *per curiam* action of the United States Supreme Court in the *McLeod* case, in our judgment, resolved that question in the affirmative. There, according to the opinion of the Supreme Court of Ohio (*Ohio* v. *McLeod,* 1 Ohio St. 2d 60, 203 N.E.2d 349), the defendant was indicted on October 3 for murder; on October 11, prior to his arraignment and before he had requested, procured or been assigned counsel, defendant in the presence of a deputy sheriff and an assistant prosecutor made an incriminating statement while riding around in the sheriff's car looking for the gun used in the holdup. The original judgment dismissing the appeal of this conviction was reversed by the Supreme Court (*McLeod* v. *Ohio,* 378 U.S. 582, 12 L. ed. 2d 1037, 84 S. Ct. 1922,) in a memorandum opinion remanding the cause to the Ohio court "for further consideration in light of" *Massiah.* The Supreme Court of Ohio affirmed the conviction. 1 Ohio St. 2d 60, 203 N.E.2d 349.

While the second reversal by the United States Supreme Court (85 S. Ct. 1556) was by a memorandum opinion citing only *Massiah,* we can conclude only that the post-

indictment confession in this case, secured while defendant was not represented by counsel and had not knowingly waived his right thereto, is inadmissible against him, and that its admission constituted reversible error.

Defendant finally argues that the provisions of the Extradition Act (Ill. Rev. Stat. 1963, chap. 60, par. 40) were not complied with in returning him to this jurisdiction. This court has, however, previously held that alleged irregularities in the manner in which an accused is returned to this State will not be inquired into on the trial of a criminal charge, since such matters affect neither the guilt nor innocence of the accused nor the jurisdiction of the court to try him. *People* v. *Partelow,* 26 Ill.2d 606; *People ex rel. McGee* v. *Hill,* 350 Ill. 129.

The judgment of the circuit court of Cook County is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*