"Whether delay in completing a prosecution * * * amounts to an unconstitutional deprivation of rights depends upon the circumstances. [Citations omitted.] The delay must not be purposeful or oppressive." Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 486, 1 L.Ed.2d 393 (1957).

We are unable to find any unconstitutional delay which would justify a reversal of the judgment in this case.

The judgment of conviction is affirmed.

See also D.C., 32 F.R.D. 248.

Robert Coffey, Houston, Tex., for appellant.

Sam R. Wilson, Asst. Atty. Gen., Houston, Tex., J. G. Davis, Asst. Atty. Gen., Huntsville, Tex., George W. Gray, III, Asst. Atty. Gen., Austin, Tex., for appellees.

**Burl Eugene LYLES, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, et al., Appellees.**

**No. 20658.**

United States Court of Appeals Fifth Circuit.

July 13, 1966.

Before TUTTLE, Chief Judge, COLEMAN, Circuit Judge, and HUNTER, District Judge.

PER CURIAM.

An earlier judgment of this court affirming the denial by the trial court of a petition for habeas corpus was vacated by the United States Supreme Court and the case was "remanded to the United States Court of Appeals [for the Fifth Circuit] for reconsideration in light of Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed. 246." Lyles v. Beto, 379 U.S. 648, 85 S.Ct. 613, 13 L.Ed.2d 552.

We have reconsidered this case in light of Massiah and in light of Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. We conclude that the opinion of the Supreme Court in Johnson and Cassidy, Petitioners, v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, rules this case. The

trial in this case began long before June 13, 1966, the cut off date now announced by the Supreme Court for the application of the requirement of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The only substantial issue left in this case being the question whether the eliciting of a voluntary confession from the appellant while in custody in the police station at a time when he had neither counsel nor had been advised of his right to counsel deprived him of his constitutional rights under the Sixth Amendment, that issue has now been foreclosed.

The judgment of the trial court is affirmed.

**UNITED STATES of America, Appellee,**

v.

**Theodore KITTELT, Appellant.**

**No. 10380.**

United States Court of Appeals Fourth Circuit.

Argued June 21, 1966.

Decided June 27, 1966.

Alan J. Karlin, Baltimore, Md. (Marvin Mandel, Baltimore, Md., on brief), for appellant.

Paul R. Kramer, Asst. U. S. Atty. (Thomas J. Kenney, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Circuit Judge, and LEWIS, District Judge.

PER CURIAM.

Appellant was convicted on two counts of an indictment charging him with passing counterfeit Federal Reserve notes. The receiver of the notes testified that the defendant arranged with him to deliver the counterfeit money through an unidentified third person, and that at the appointed times and places a person appeared and delivered the counterfeit notes precisely in accordance with the prearranged plan.

The defendant does not challenge the general fairness of the trial or of the charge. His only complaint is that the judge should not have told the jury that

> "whatever a person is legally capable of doing himself can be done through another as an agent. Hence, if the acts of an employee or other agent are wilfully ordered or directed, or wilfully authorized or consented to by the accused, the law holds the accused responsible for such acts as though personally committed by the accused."