(No. 39911.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* PEDRO GARCIA, Appellant.

*Opinion filed March 29, 1967.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago, (MAR-SHALL J. HARTMAN and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE, JAMES ZAGEL, and MORTON E. FRIEDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant was convicted of armed robbery by a jury in the circuit court of Cook County and sentenced to the penitentiary for a term of not less than three nor more than ten years. The appellate court affirmed the conviction, (68 Ill. App. 2d 411,) and we granted leave to appeal. Defendant contends that a confession was improperly admitted into evidence in violation of his constitutional rights.

On January 14, 1962, three armed men robbed the Chicago Athletic Association. Two days later an employee of the association admitted being part of a conspiracy to commit the crime and he named defendant and two other men as the actual perpetrators of the robbery. On April 13, 1962, the Cook County grand jury returned an indictment against defendant *in absentia,* which was stricken with leave to reinstate since defendant could not be found. In June, 1963, defendant was apprehended by the New York City police and, upon waiving extradition, he was brought to the Cook County State's Attorney's office on July 3, 1963, where he signed a statement admitting participation in the robbery.

Defendant contends that reversible error was committed when the confession, which he made after indictment while not being represented by counsel nor having knowingly

waived his right thereto, was admitted in evidence. He relies on *Massiah* v. *United States,* 377 U.S. 201, 12 L. ed. 2d 246, 81 S. Ct. 1199, as applied in *McLeod* v. *Ohio,* 378 U.S. 582, 12 L. Ed. 2d 1037, 84 S. Ct. 1922, and as interpreted by this court in *People* v. *Halstrom,* 34 Ill.2d 20. In *Halstrom* we said that the conclusion to be drawn from *Massiah* as applied in *McLeod* was that a post-indictment confession, secured while defendant was neither represented by counsel nor had knowingly waived his right to counsel, was inadmissible.

The State argues, however, that defendant is precluded from raising the point here because of his failure to have raised it earlier. Defendant contends that he raised the point at his first opportunity. The sequence in this cause was as follows: Defendant was convicted on April 30, 1964. He appealed to the Appellate Court, First District, and the conviction was affirmed on February 8, 1966. Our decision in the *Halstrom* case interpreting and applying *Massiah* was issued January 25, 1966, long after defendant's trial and just shortly before the appellate court's decision. A petition for rehearing citing *Halstrom* was permitted to be filed, but it was denied on March 21, 1966.

Two factors seem significant. First, the defendant's original brief in the appellate court was filed April 22, 1965, his reply brief was filed December 3, 1965, and the cause argued on January 18, 1966 (seven days prior to our *Halstrom* opinion), and second, our *Halstrom* opinion was not published in the advance sheets of the Illinois Reports until March 2, 1966. The State practically concedes that under the circumstances of this time-table the public defender should not be penalized for not having argued this defense sooner. It asserts, however, that at the very latest defendant should have raised his sixth-amendment claim after *McLeod* was issued on June 22, 1964, since *Halstrom* was under compulsion of the opinions of the Supreme Court of the United States and the defendant should have been aware

of the significance of the holding in *Massiah* as applied in *McLeod* without regard to *Halstrom.*

We are of the opinion that defense counsel was not derelict by his failure to figure out the meaning of *Massiah* from the *McLeod* memorandum opinion before interpretation by this court, and that defendant has properly raised the issue here.

The judgment of the Appellate Court, First District, is reversed and the cause remanded to the circuit court of Cook County for a new trial.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.