**Rufino CONCEPCION DIAZ,**
**Petitioner,**

v.

**Tomas MORALES BERGEAT,**
**Warden, Respondent.**

**Civ. No. 74–1054.**

United States District Court,
D. Puerto Rico.

June 23, 1975.

## OPINION AND ORDER

TOLEDO, Chief Judge.

On September 12, 1974, petitioner filed pro se the instant habeas corpus petition and was authorized by the Court to proceed in forma pauperis. Petitioner, a Commonwealth prisoner, bases his petition on the grounds that conviction by less than an unanimous jury is unconstitutional and that the undercover agent that testified that he had bought drugs from petitioner was incompetent to testify. To substantiate this allegation, he accompanies a photocopy of a newspaper article in which a Superior Court Judge in another case is said to have found the undercover agent incompetent to testify and chastised him for his poor memory. Petitioner also accompanies a copy of the record in his criminal case and of the decision of the Supreme Court of Puerto Rico on his appeal, where similar issues were raised.

Petitioner's first contention, that conviction by less than an unanimous jury is unconstitutional, is frivolous and without merit. The Supreme Court of the United States has made clear that in state criminal prosecutions, there is no constitutional requirement that convictions be obtained by unanimous verdicts. *Apodaca v. Oregon,* 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972); *Johnson v. Louisiana,* 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972). The Court of Appeals for the First Circuit, in turn, has unequivocally held that Puerto Rico may likewise provide for less than unanimous verdicts. *Torres v. Delgado,* 510 F.2d 1182 (1 Cir. 1975); *Fournier v. Gonzalez,* 269 F.2d 26 (1 Cir. 1959). Conse-

quently, this contention merits no further discussion.

■ The second argument was already presented, in somewhat different form, in the appeal of the conviction to the Supreme Court of Puerto Rico. Therein the petitioner had alleged that at trial, the Court did not allow defense counsel to challenge the credibility of the undercover agent that testified against him because it did not allow full questioning of the agent with respect to his alleged expulsion from the police force as a consequence of an investigation made by the district attorney for the District of Humacao. The Supreme Court found in ruling upon this contention that the defense did not pursue the adverse ruling by the Superior Court any further, did not offer to bring the district attorney in question as a witness and did not in fact present any evidence to substantiate the allegation it made before the jury with respect to the undercover agent. It further found that the trial court gave wide latitude to counsel in cross examining the witness in related matters and on his credibility, and that the court properly exercised its discretion in limiting cross examination with respect to the alleged expulsion from the police force.

From the record there is no doubt that the Supreme Court was correct in holding that the trial court properly exercised its discretion when it limited cross examination of the witness. There was no allegation made to the Supreme Court, nor in the instant petition, that the witness lied or perjured himself during the trial or that the prosecution knew of such perjury if it existed, nor is there any basis upon which such knowledge could be imputed. In relation to the incident in which defense counsel at trial suggested that the witness had subscribed in a sworn statement to a district attorney that he had changed his testimony in other cases after being paid money, defense counsel presented no substantiation that the alleged statement was in fact ever made, nor does petitioner now present such substantiation.

■ Further, even had petitioner charged that the witness had committed perjury, the petition could not prosper because perjury itself, even if established, does not involve constitutional rights. *White v. Hancock*, 355 F.2d 262 (1 Cir. 1966). As pointed out by Chief Judge Aldrich in that case, in order to bring a new factual issue, petitioner would have to allege that the prosecution "knowingly used perjury". Without such allegation, petitioner is merely raising the same issue of error on the part of the trial judge which was already disposed of on appeal to the Supreme Court. As stated in *White v. Hancock*, supra; "All that he is seeking now is to try over again the same question. That is not the function of habeas corpus."

■ In order to make this point as clear and emphatic as possible, we must stress that Federal habeas corpus is not merely an additional appeal available to state prisoners. *Grundler v. North Carolina*, 283 F.2d 798 (4 Cir. 1960); *Tracey v. Janco*, 351 F.Supp. 836 (N.D. W.Va. 1972). As stated in *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), "The whole history of the writ . . . refutes a construction of the federal court's habeas corpus powers that would assimilate their task to that of courts of appellate review." Thus, habeas corpus can not be used to test the sufficiency of the evidence to support a conviction and attacks upon evidence and upon the veracity of witnesses can only be challenged on appeal. *Fernandez v. Klinger*, 346 F.2d 210 (9 Cir. 1965); *Schlett v. California*, 284 F.2d 827 (9 Cir. 1960); *Pace v. Nelson*, 321 F.Supp. 622 (C.D. Cal.1970).

■ In short, state prisoners are entitled to relief on Federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution. *Townsend v. Sain*, supra. See also, *Sunal v. Large*, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); *Eagles v. Samuels*, 329 U.S. 304, 67 S.Ct. 313, 91 L.Ed. 308 (1946);

752

*Bridges v. Wixon*, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103 (1945); *Vajtauer v. Commissioner*, 273 U.S. 103, 47 S.Ct. 302, 71 L.Ed. 560 (1927); *Tisi v. Tod*, 264 U.S. 131, 44 S.Ct. 260, 68 L.Ed. 590 (1924); *Thornton v. United States*, 125 U.S.App. D.C. 114, 368 F.2d 822 (1966); *Jones v. Attorney General of the United States*, 278 F.2d 609 (8 Cir. 1960); *Meyers v. United States*, 86 U.S.App.D.C. 320, 181 F.2d 802 (1950).

In view of the above, we hereby deny the petition without a hearing as frivolous and facially inadequate.

Judgment will be entered accordingly.