THE STATE OF OHIO, APPELLEE, *v.* ARRINGTON, APPELLANT*

[Cite as State v. Arrington, 3 Ohio St. 2d 61.]

(No. 39108—Decided July 7, 1965.)

*Mr. John T. Corrigan*, prosecuting attorney, *Mr. Dennis J. McGuire* and *Mr. Charles W. Fleming*, for appellee.

*Mr. Jerry Milano*, for appellant.

*Per Curiam.* This case is before this court on appellant's motion for rehearing which was treated as a motion for reconsideration and allowed. As appellant states, the affirmance of his conviction was based on the case of *State v. McLeod*, 1 Ohio St. 2d 60, and subsequently the United States Supreme Court reversed the *McLeod case.* 33 L. W. 3375.

The opinion of the Supreme Court of the United States reversing *McLeod* furnishes no guidelines to this court as to what elements in the *McLeod case* caused its reversal. The reversing opinion merely states that the judgment is reversed and cites *Massiah v. United States*, 377 U. S. 201, 12 L. Ed. 2d 246. Speculating as we must, there appear two possible grounds upon which the reversal could have been based even though the confession involved was voluntary. One, that such confession was made after indictment at a time petitioner was not represented by counsel, or, two, that McLeod was not advised of his right to remain silent and that anything he said could be used against him.

The facts in the instant case bear no resemblance to either *McLeod* or *Massiah.* The record here shows that both statements made by appellant were given voluntarily in narrative form at interviews instigated by him and at his own request,

*For former report of this case see 2 Ohio St. 2d 172.

that these were not interrogatory proceedings, and that at both interviews he was informed that the statements could be used against him. At these interviews the fact that he was represented by counsel was discussed by the prosecuting attorney with appellant and apparently appellant did not want his counsel present. The record shows that such statements were motivated by the desire of appellant to "get even" with one Dick Stewart who caused his apprehension in Alabama.

The trial court, after a full hearing on the question of the suppression of these statements, found that petitioner was not only fully informed of his rights but also that he was well aware of them and intelligently waived them.

Thus, in the present case we have a situation where an accused although represented by counsel voluntarily and at his own request appeared before the prosecuting attorney without his counsel and only after a discussion of the fact that he was represented by counsel and only after he was told that anything he said could be used against him was he allowed to make a voluntary statement.

Our former judgment is adhered to.

*Former judgment adhered to.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT and SCHNEIDER, JJ., concur.

O'NEILL, J., concurring in judgment. The court, in its original opinion in this case (2 Ohio St. 2d 172), relied entirely upon the authority of *State* v. *McLeod* (1965), in which I dissented, 1 Ohio St. 2d 60, reversed by the Supreme Court of the United States on May 24, 1965, 33 U. S. Law Week 3375.

In its opinion on motion for reconsideration, the court states that the facts in this case "bear no resemblance to either *McLeod* or *Massiah.*" This being the case, the court should not originally have relied upon *McLeod, supra.*

It requires no speculation on the part of this court to determine the basis for the reversal by the United States Supreme Court of *State* v. *McLeod, supra.* The defendant in that case was neither granted the right to confer with counsel, nor was he informed of his right to counsel or his right to remain silent.

Hence, any statements made by him under those circumstances could not be used against him without prejudice to his constitutional rights. The court, in *McLeod, supra,* unduly limited the application of both *Massiah* v. *United States* (1964), 377 U. S. 201, 12 L. Ed. 2d 246 and *Escobedo* v. *Illinois* (1964), 378 U. S. 478, 12 L. Ed. 2d 977.

It is not the duty of defendant to request counsel. It is the duty of the officials attempting to obtain a confession from him to inform him of his rights, and, if he so desires, to give him the opportunity to consult with counsel and to have counsel present at the time he makes a statement.

In both *Massiah, supra,* and *Escobedo, supra,* the rationale appears to be twofold: (1) counsel was not present, (2) because of that fact, or by other means, those in charge of obtaining evidence imposed upon the accused in order to secure incriminating statements against him. Thus, in *Massiah, supra,* government agents used trickery to obtain statements at a time when the accused was unaware of the circumstances under which he was speaking. In *Escobedo, supra,* the accused was browbeaten by police officers, and was denied the right to consult with his attorney, even after requesting that he be allowed to do so. In *McLeod, supra,* the accused was not informed of his rights.

In the instant case, defendant had an attorney, and had not been denied the right to consult with him at any time. He voluntarily sought out the prosecuting attorney and the chief of police in order to make statements for the purpose of getting revenge upon another. He was informed by the prosecuting attorney, who knew that he was represented by counsel, that he had a right to remain silent, that his statements might be used against him, and that he could expect no consideration for the information he would give. During one of these discussions he indicated that he was dissatisfied with his attorney and might not continue to retain him.

These facts are sufficient to establish that there was no imposition upon the defendant, and that the use of his statements constituted no violation of his rights under the Sixth Amendment to the Constitution as made applicable to the states through the Fourteenth Amendment.