**Joseph ARRINGTON, Petitioner-Appellant,**

v.

**E. L. MAXWELL, Warden, Ohio Penitentiary, Respondent-Appellee.**

**No. 18569.**

United States Court of Appeals
Sixth Circuit.

May 5, 1969.

James R. Willis, Cleveland, Ohio, for appellant.

Leo J. Conway, Columbus, Ohio, for appellee, William B. Saxbe, Atty. Gen. of Ohio, Mark Sladoje, Jr., Asst. Atty. Gen., Columbus, Ohio, on brief.

Before O'SULLIVAN, EDWARDS and PECK, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Joseph Arrington appeals from an order of the United States District Court for the Southern District of Ohio, Eastern Division, denying his petition for a writ of habeas corpus. Arrington was indicted on September 11, 1962, for the crimes of unlawful entry into a financial institution, burglary, attempting to force entry into a bank vault and possession of burglary tools in violation of Revised Code of Ohio, §§ 2907.141, 2907.10, 2907.19 and 2907.11.

In February 1963, while incarcerated in the Cuyahoga County, Ohio, jail prior to trial, appellant sent a message to the chief of the Cleveland burglary squad that he wanted to speak to him privately.

This conference led to two additional conferences with policemen and with the Prosecuting Attorney, both at the instigation of appellant. During these conferences, after being reminded that he was represented by counsel and had a right to remain silent, appellant indicated that he did not desire the presence of his counsel and made certain admissions or confessions. He expressed his motivation for this conduct as a desire to get revenge on one Dick Stewart who had aided in the apprehension of Arrington after he had fled to Alabama while free on bond awaiting trial in the case at bar. See United States v. Lonardo, 350 F.2d 523 (6th Cir. 1965). His admissions included implication of Stewart in described criminal activities.

When the prosecution offered these admissions at Arrington's jury trial, the Common Pleas judge, out of the presence of the jury, conducted a hearing to test their voluntariness. He found that they were voluntary, but took occasion to say, not in the presence of the jury, that the burden of proving involuntariness was upon defendant Arrington. He found that Arrington had waived his right to the presence of counsel at the involved interviews. The admissions were accordingly entered into evidence and the question of their voluntariness was submitted to the jury under what we consider the proper instructions.

Appellant was convicted; the conviction was affirmed by the Court of Appeals for Cuyahoga County and subsequently by the Ohio Supreme Court. State v. Arrington, 2 Ohio St.2d 172, 207 N.E.2d 557 (1965), *affirmed on rehearing*, 3 Ohio St.2d 61, 209 N.E.2d 207 (1965), *cert. denied sub nom.* Arrington v. Ohio, 383 U.S. 906, 86 S.Ct. 887, 15 L.Ed.2d 662 (1966). In its affirmance on rehearing, the Supreme Court of Ohio said:

"Thus, in the present case we have a situation where an accused although represented by counsel voluntarily and at his own request appeared before the prosecuting attorney without his counsel and only after a discussion of the fact that he was represented by counsel and only after he was told that anything he said could be used against him was he allowed to make a voluntary statement." 3 Ohio St.2d at 62, 209 N.E.2d at 208.

Appellant then filed a petition for a writ of habeas corpus in the United States District Court. After hearing, the District Judge entered the following order:

"It is clear that Judge Corrigan's statement of law with respect to the burden of proof of the voluntariness of the confession is in error. The burden is on the prosecution to show that a confession was voluntary; a defendant does not have the burden of proving that a confession is involuntary.

\*    \*    \*    \*    \*    \*

"Accordingly, it is ORDERED that petitioner be remanded to the Common Pleas Court of Cuyahoga County to afford the State of Ohio an opportunity to allow the trial court to conduct an independent determination of the voluntariness of petitioner's admissions introduced at his trial, or in the alternative, to grant petitioner a new trial."

Upon such remand, the Common Pleas trial judge reexamined and considered the evidence originally offered (in the jury's absence) to support the voluntariness and admissibility of Arrington's alleged admissions. He tested these questions upon the assumption that the burden was upon the prosecution to prove the voluntariness of such admissions and determined that "the State of Ohio has proved beyond a reasonable doubt that the admissions of the defendant were voluntary." He noted that he had "taken into consideration all of the facts and circumstances in evidence concerning and surrounding the giving of the statements, admissions and confessions." He concluded:

"The evidence further shows the accused voluntarily and specifically

wanted to talk to Mr. Corrigan [1] alone, in both instances alone, and without his counsel, and he had been advised of his right to remain silent and have counsel present and that no promises could be made; and he indicated he was still desirous of talking to the Prosecutor and police officers for the purpose to give Dick Stewart to the authorities. He then proceeded to narrate the involvement of himself and Dick Stewart and others in crime.

"I also find beyond a reasonable doubt the defendant waived his right to have counsel present intelligently, understandably and in a competent manner. His waiver was voluntary and intentional. I find that the confession was not induced by fear, threats, coercion or by promises of favor.

"I, therefore, find beyond any reasonable doubt that the confession was voluntary."

We give consideration to the following grounds for appeal: *First,* that the voluntariness of Arrington's alleged admissions should not have been decided by remanding the matter to the Common Pleas judge for resolution by application of proper standards of proof to the evidence offered on the questions at trial. *Second,* that at trial the judge should have instructed the jury specifically that before they could consider Arrington's admissions or confessions they would have to find that the government had met a burden of proving beyond a reasonable doubt that such admissions were voluntarily made. *Third,* that with Arrington having already been indicted and having retained counsel, statements thereafter made out of the presence of counsel should not have been received in evidence.

1. Propriety of hearing on remand to Common Pleas Court.

■ The District Court was correct in ruling that the Common Pleas judge erred in placing the burden on Arrington to prove the involuntariness of his ad-

missions. Such had been the law of Ohio, but it was in conflict with Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964), and Sims v. Georgia, 385 U.S. 538, 544, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967), which held that before the issue of voluntariness of a confession can be submitted to a jury the trial judge must make his own independent determination that the confession was voluntary. We consider that under these decisions the burden of proving voluntariness of a confession is upon the prosecution.

■ We hold, however, that it was permissible procedure for the District Judge to remand the matter to the Common Pleas Court to have that Court determine the voluntariness of Arrington's admissions applying proper standards to the evidence that had there been received on that issue. In Boles v. Stevenson, 379 U.S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109 (1964), where it was not clear whether a state trial judge had held a proper hearing on voluntariness, the Supreme Court concluded:

"But it does not follow that the state is required to order a new trial. As we held in *Jackson, supra,* where a state defendant has not been given an adequate hearing upon the voluntariness of his confession, he is entitled to a hearing in the state courts under appropriate procedures and standards designed to insure a full and adequate resolution of this issue." 379 U.S. at 45, 85 S.Ct. at 176.

In Jackson v. Denno, *supra,* the Court said:

"However, we think that the further proceedings to which Jackson is entitled should occur initially in the state courts rather than in the federal habeas corpus court." 378 U.S. at 393, 84 S.Ct. at 1789.

See also Henry v. Mississippi, 379 U.S. 433, 452, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).

---

1. The prosecutor and the Common Pleas judge both bear the name of Corrigan.

■ At the District Court remand hearing Arrington asked that he be granted the right to cross-examine the witness who testified at the original trial on the subject of his admissions, and requested permission to offer fresh evidence upon the issue. His requests were denied.[2] At the state court hearing, the judge considered only the evidence which had been received and considered by him during the trial voir dire held in the jury's absence to determine the voluntariness of the admissions offered by the prosecution. We find no error in this regard.

Townsend v. Sain, 372 U.S. 293, 83 S. Ct. 745, 9 L.Ed.2d 770 (1962), recited several circumstances calling for an evidentiary hearing in a United States District Court, including where "there is a substantial allegation of newly discovered evidence" and "if the state trial judge has made serious procedural errors (respecting the claim pressed in federal habeas) in such things as the burden of proof * * *." 372 U.S. at 313, 316, 83 S.Ct. at 757, 759. Neither circumstance is present here. The real inquiry in resolving the question is whether *at the trial in the state court* the evidence taken was such as to justify a finding by the trial judge that the admissions were voluntary. This is an inquiry for the purpose of applying the proper standard to evidence already received.

It may be argued that in this case it would not be necessary to remand this matter to the trial court at all. True the trial judge announced the improper rule that the burden was on the defendant to prove the involuntariness of his confession, but he did not admit the challenged admissions because of any finding that defendant had failed to meet his burden. Rather, at the conclusion of the original voir dire hearing, he stated,

"And the Court is going to take the position *that this confession was voluntary*, taking into account all of the circumstances surrounding the giving of this confession." (Emphasis supplied.)

We do not rest our decision wholly on the procedure whereby the Common Pleas judge, who had made the affirmative determination of voluntariness at the trial, reviewed again the evidence which was before him at trial and came to the same conclusion upon reconsideration. Our own review of the evidence taken at the voir dire inquiry (at which Arrington did not testify) and the relevant testimony before the jury, including Arrington's then denials, satisfies us that the admissions were made voluntarily.

We consider that the District Judge's procedure in remanding the determination of voluntariness to the trial judge was a compliance with the rules set out in *Stevenson, Jackson,* and *Townsend, supra,* and in the 1966 amendment to 28 U.S.C. § 2254.

2. The Court's instructions.

■ The Common Pleas judge did not specifically instruct the jury that they could not consider Arrington's confession unless they found that the prosecution had proved its voluntariness beyond a reasonable doubt. He did, however, give a careful and complete instruction that the burden was on the prosecution to establish Arrington's guilt beyond a reasonable doubt, and he instructed the jury at length that they could not consider Arrington's confession unless they were satisfied that it was voluntary. No objection was made to these instructions at the trial. We find no case which holds that a trial judge must charge the jury, precisely, that it is the "state's burden" to prove voluntariness. The cases relied upon by appellant require only an in-

---

2. Arrington's counsel and the Ohio Assistant Attorney General had stipulated in the District Court,

"that each of the above issues can be resolved on the basis of the testimony in the original Bill of Exceptions and the various rulings, remarks and Instructions rendered by the Trial Court."

struction that the jury cannot consider a confession unless they find it to be voluntary. Mullins v. United States, 382 F.2d 258 (4th Cir. 1967), and United States v. Inman, 352 F.2d 954 (4th Cir. 1965). By this test, the Common Pleas judge's instructions were adequate.

3. Admission into evidence of statement made out of the presence of counsel.

 Appellant argues that, because his admissions were made at a time when he had already been indicted and had retained counsel, they should have been excluded under the rule of Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). In *Massiah* the excluded admissions were the product of a scheme whereby "a federal agent succeeded by surreptitious means in listening to incriminating statements made by" the defendant. Here the interview at which the admissions were made was sought by Arrington for the purpose of getting revenge upon a criminal colleague who had aided the police to find Arrington while he was a fugitive in a distant state. The circumstances of his admissions of guilt were well recited in a concurrence to the opinion of the Ohio Supreme Court upon motion for reconsideration.

"In the instant case, defendant had an attorney, and had not been denied the right to consult with him at any time. He voluntarily sought out the prosecuting attorney and the chief of police in order to make statements for the purpose of getting revenge upon another. He was informed by the prosecuting attorney, who knew that he was represented by counsel, that he had a right to remain silent, that his statements might be used against him, and that he could expect no consideration for the information he would give. During one of these discussions he indicated that he was dissatisfied with his attorney and might not continue to retain him.

"These facts are sufficient to establish that there was no imposition upon the defendant, and that the use of his statements constituted no violation of his rights under the Sixth Amendment to the Constitution as made applicable to the states through the Fourteenth Amendment." 3 Ohio St.2d at 63, 209 N.E.2d at 209.

We do not consider that the rule of *Massiah* was offended. See also, Coughlan v. United States, 391 F.2d 371 (9th Cir. 1968), *cert. denied,* 393 U.S. 870, 89 S. Ct. 159, 21 L.Ed.2d 139 (1968); Dillon v. United States, 391 F.2d 433 (10th Cir. 1968), *cert. denied,* 393 U.S. 889, 89 S.Ct. 208, 21 L.Ed.2d 168 (1968); and Wilson v. United States, 398 F.2d 331 (5th Cir. 1968).

We have considered other errors assigned by appellant and find them without merit.

Judgment affirmed.