UNITED STATES ex rel. Roger Lee McQUEEN, Petitioner,

v.

Hon. H. Kenneth WANGELIN, United States District Judge, Respondent.

No. 75–1560.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1975.

Decided Dec. 11, 1975.

Michael A. Gross, St. Louis, Mo., on brief, for petitioner.

John C. Danforth, Atty. Gen., and Neil MacFarlane, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

Before GIBSON, Chief Judge, HENLEY, Circuit Judge, and VAN PELT,* Senior District Judge.

PER CURIAM.

This is an application for a writ of mandamus by petitioner, Roger Lee McQueen, to compel the District Court to render a final determination of McQueen's pending petition for a writ of habeas corpus. Petitioner is serving a life sentence in the Missouri State Penitentiary on a 1964 jury conviction for second degree murder that he claims was secured by reason of inadequate assistance of counsel. On June 4, 1974, we reversed the District Court's dismissal of the habeas corpus petition and remanded the case for an evidentiary hearing to determine whether petitioner had in fact been prejudiced by his court-appointed counsel's failure to make a reasonable investigation of the case for trial. *McQueen v. Swenson,* 498 F.2d 207 (8th Cir. 1974).[1]

The hearing was conducted by the District Court on January 20, 1975. Memoranda, proposed findings of fact and conclusions of law were submitted by both parties. Following the hearing, the court remanded the case to the Supreme Court of Missouri without determining whether McQueen had suffered prejudice as a result of his trial counsel's failure to investigate. In its order of remand to the Supreme Court of Missouri,[2] the District Court suggested that the original Missouri trial judge, now retired, be appointed to serve as a special master to review the entire state and federal record "and, on the basis of all the facts and circumstances * * * [decide] whether, in his opinion, the defendant was denied a fair trial" by counsel's inadequacy—a procedure for review previously suggested by a dissenting judge of the Supreme Court of Missouri in *McQueen v. State,* 475 S.W.2d 111, 119–20 (Mo.1971) (Donnelly, J., dissenting). The District Court suggested that the special master make recommendations to the state supreme court, but prescribed

* The Honorable Robert Van Pelt, United States Senior District Judge for the District of Nebraska, sitting by designation.

1. The District Court's previous dismissal of the petition without a hearing is reported as *McQueen v. Swenson,* 257 F.Supp. 557 (E.D. Mo.1973). The history of petitioner's post-conviction litigation in the Missouri courts is recounted in our previous opinion. 498 F.2d at 208 n. 1.

2. The Memorandum and Order was filed July 22, 1975.

neither a timetable for the state proceedings nor a new trial in the alternative.

Petitioner contends that the District Court's order remanding the case without a final determination is inconsistent with this court's prior mandate, would merely duplicate completed proceedings and would deny him due process by adding to the eight years of delay already experienced in this habeas corpus proceeding. We reject these contentions and deny the writ.

This court reversed the dismissal of McQueen's habeas petition for the reason that petitioner had presented a serious question of adequate assistance of counsel. We remanded the case to the District Court for a hearing to determine whether the failure to investigate the facts by interrogating the State's witnesses or otherwise was harmless in the circumstances of the trial,[3] prescribing specifically that upon remand petitioner must shoulder an initial burden of proving that other admissible evidence, helpful to the defense, could have been uncovered by counsel's reasonable investigation for trial in 1964. We held as well that such a showing would warrant a new trial unless the court is able to declare a belief that the omission of such evidence was harmless beyond a reasonable doubt.[4] 498 F.2d at 220.

In the federal hearing, petitioner presented several witnesses to suggest that pretrial investigation would have been fruitful. He introduced coroner's reports not used by his trial counsel and produced a metal shoe horn, not located for trial, allegedly employed by the deceased victim to attack petitioner causing him to kill the victim in self-defense. Petitioner's original trial counsel testified for respondent. Counsel admitted, as he had in the state post-conviction hearing, that he had not interviewed prosecution witnesses for fear of being accused of tampering with them. Nor had he reviewed the coroner's or police reports. His client admitted killing the victim and relied upon a theory of self-defense thus, he believed, rendering other evidence ineffectual. Counsel reported that he had engaged in the practice of law for twenty-six years and had tried fifty-five homicide cases, winning forty-eight verdicts of not guilty. He undoubtedly was better qualified to try a criminal case than most practitioners and was entitled to pursue trial tactics he considered in the best interest of his client.

It is not within the province of the court of appeals to tell every lawyer how to try his case or the District Court how to do its job in every respect. To date, no action taken by the District Court has been inconsistent with this court's prior mandate. It is acceptable practice for the District Court to send a case back to the state courts to resolve issues more properly considered by the judge who experienced the trial first hand. See Hart v. Eyman, 458 F.2d 334, 338–40 (9th Cir.), cert. denied, 407 U.S. 916, 92 S.Ct. 2441, 32 L.Ed.2d 691 (1972); Arrington v. Maxwell, 409 F.2d 849, 851 (6th Cir.), cert. denied, 396 U.S. 944, 90 S.Ct. 381, 24 L.Ed.2d 245 (1969). The need to recall the actual circumstances of the trial while assessing possible prejudice to the accused prompted the court to remand the case to permit the original trial judge to decide in the first instance,

---

**3.** Our previous order of remand to the District Court directed in part as follows:

This case will be remanded to the district court for a hearing on the issue of whether or not prejudice flowed from the failure of counsel to make a reasonable investigation of this case. The petitioner, as we have already stated, must shoulder the initial burden of showing either prejudice or, alternatively, changed circumstances which would justify placing on the state the burden of proving the absence of prejudice.

The judgment of the trial court is reversed and the case remanded for further proceedings not inconsistent with this opinion. *McQueen v. Swenson,* 498 F.2d 207, 220 (8th Cir. 1974).

**4.** Alternatively, a showing by petitioner that changed circumstances, not his responsibility, now exist making it impossible for him to produce such evidence would shift the burden of proving the absence of prejudice to the state.

on the state and federal records, whether the lack of investigation was harmless or a new trial is warranted—without precluding later federal habeas corpus review if petitioner is unsuccessful in the state courts. See 28 U.S.C. § 2244 (1970). The District Court's failure to include an alternative command for the state to grant a new trial if it is unable to declare that counsel's failure to investigate was harmless, if error, is not reviewable by writ of mandamus.

 The writ of mandamus under 28 U.S.C. § 1651(a) (1970) is an extraordinary remedy reserved for a few exceptional circumstances such as an abuse of judicial power exceeding the court's jurisdiction, or a "judicial 'usurpation of power'", *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); *Pfizer, Inc. v. Lord,* 522 F.2d 612, 614–15 (8th Cir. 1975), or failure to complete a ministerial act whose performance is "positively commanded and so plainly prescribed as to be free from doubt." *Richardson v. United States,* 465 F.2d 844, 849 (3d Cir. 1972), *cert. denied,* 410 U.S. 955, 93 S.Ct. 1420, 35 L.Ed.2d 688 (1973). This case embraces no such circumstances.

The command plainly prescribed by this court's prior mandate was for respondent to conduct an evidentiary hearing on the issue of prejudice. This it completed on January 20, 1975. Respondent's remand to the state court was an exercise of discretion within its power to dispose of habeas corpus petitions "as law and justice require." 28 U.S.C. § 2243 (1970). Mandamus will not lie to disturb such an order; nor is it a substitute for appeal. *See Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379, 382–83, 74 S.Ct. 145, 98 L.Ed. 106 (1953); *cf. La Buy v. Howes Leather Co.,* 352 U.S. 249, 256–57, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957) (improper reference to a mas-

ter). The writ of mandamus is not available to review a claim that the district court merely erred in ruling on a matter within its jurisdiction. *Parr v. United States,* 351 U.S. 513, 520, 76 S.Ct. 912, 100 L.Ed. 1377 (1956); *Pfizer, Inc. v. Lord, supra* at 614. This is not a case in which appellate review will be defeated if the writ does not issue. *Cf. Maryland v. Soper (No. 1),* 270 U.S. 9, 30, 46 S.Ct. 185, 70 L.Ed.2d 449 (1926).

The petition for writ of mandamus is denied.[5]

---

**5.** The action that we take today does not imply that the district court has no duty to bring this matter to a conclusion within a reasonable time. We think that mandamus is not an appropriate remedy for petitioner at this time and in the existing circumstances. Our denial of the petition is without prejudice to the right

of petitioner to apply to the district court for further relief or to the right of that court either on motion of petitioner or on its own motion to conduct such further proceedings or to enter such further orders as in the exercise of its discretion it may deem appropriate.