**Roger Lee McQUEEN,**
**Petitioner-Appellee,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary,**
**Respondent-Appellant.**

**No. 76–1163.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 16, 1976.
Decided July 14, 1976.

---

Neil MacFarlane, Asst. Atty. Gen., Jefferson City, Mo., for appellant; John C. Danforth, Atty. Gen., Jefferson City, Mo., on brief.

Michael A. Gross, Gross & Goodman, St. Louis, Mo., for appellee.

Before BRIGHT, ROSS and STEPHENSON, Circuit Judges.

## ORDER

This appeal is the third time Roger McQueen's petition for habeas relief has been before this court. The first instance was a direct appeal from the district court's dismissal of McQueen's petition, based upon the court's finding that McQueen had been afforded effective assistance of counsel. 498 F.2d 207 (8th Cir. 1974). After a lengthy opinion, this court held that McQueen had demonstrated the failure of his trial counsel to perform an essential duty of investigation. *Id.* at 218. However, on the existing record, we were unable to determine whether McQueen's defense had been prejudiced by trial counsel's error. Therefore, we vacated the judgment of the district court and issued the following mandate:

> This case will be remanded to the district court for a hearing on the issue of whether or not prejudice flowed from the failure of counsel to make a reasonable investigation of this case. The petitioner, as we have already stated, must shoulder the initial burden of showing either prejudice or, alternatively, changed circumstances which would justify placing on the state the burden of proving the absence of prejudice. [*Id.* at 220.]

Pursuant to our mandate, the district court held an evidentiary hearing, at which McQueen was at present, on the issue of prejudice. However, after the hearing, the district court did not make any express findings, but instead directed that McQueen's petition be referred to the Missouri Supreme Court. That district court order provided that:

> the Supreme Court of Missouri can direct the trial judge [who had retired from the state bench], as a special master or referee, to review this matter [to determine whether petitioner received a fair trial] along the lines suggested by [dissenting] Missouri Supreme Court Judge Donnelly [in *McQueen v. Missouri,* 475 S.W.2d 111, 119 (Mo.1971).]

The order did not provide any timetable for the state proceedings, nor did it direct a new trial should the state fail to conduct proceedings promptly. The order noted, however, that referral of the proceedings to state court would not preclude a subsequent further federal court review upon petitioner's further request.

In response to this order, petitioner McQueen promptly sought a writ of mandamus from this court directing the district court to make findings itself on the issue of prejudice and to dispose of the case. 527 F.2d 579 (8th Cir. 1975) (per curiam).

This court denied the petition for writ of mandamus. We observed that:

[t]he writ of mandamus * * * is an extraordinary remedy reserved for a few exceptional circumstances such as an abuse of judicial power exceeding the court's jurisdiction, or a "judicial 'usurpation of power'" * * * or failure to complete a ministerial act whose performance is "positively commanded and so plainly prescribed as to be free from doubt." * * *. This case embraces no such circumstances. [Id. at 582 (citations omitted).]

We then observed that the district court's remand of the petition to state court was within the parameters of "acceptable practice". Id. at 581. We said that the writ of mandamus should not be used as a "substitute for appeal" and observed that

[t]his is not a case in which appellate review will be defeated if the writ does not issue. [Id. at 582.]

After we denied the petition for writ of mandamus, the district court modified its order several times. The order as finally entered directed that if state court proceedings on the issue of prejudice were not held within six months, McQueen's judgment and conviction should be vacated.

Respondent-Warden Harold R. Swenson appeals from this modified order. Respondent notes that by the terms of the order McQueen's conviction is to be vacated unless the state acts within six months. Respondent urges that such relief is justified only if the district court impliedly found that McQueen met his burden of proving prejudice at the hearing on remand. The respondent argues that this implied finding is clearly erroneous, and that we should vacate the district court's order of remand to the state court and should dismiss McQueen's petition. Petitioner-McQueen did not cross-appeal. However, at oral argument, McQueen's counsel urged this court to vacate the order of the district court, make an independent finding that McQueen has satisfied the burden of demonstrating prejudice, and direct that habeas relief be granted to McQueen.

All parties on appeal agree that this case should be resolved as expeditiously as possible. McQueen's first appeal to the Missouri Supreme Court, raising the issue of ineffective assistance of counsel, was decided in 1966. *Missouri v. McQueen*, 399 S.W.2d 3 (Mo.1966). The case has been under almost continual litigation since that time.

Since both appellant and appellee have expressed dissatisfaction with the district court's order and in light of delay necessarily incident to a referral pending proceedings to state courts, we think it appropriate that the federal courts should promptly and finally decide the pending litigation. Our decision not to review the order in question by mandamus does not bar our review of the order on direct appeal. On this record, we are not prepared nor would it be appropriate for us to determine initially whether McQueen has met his burden of demonstrating prejudice. This court should have the benefit of express findings of the district court.

Accordingly, we vacate the judgment of the district court and direct that the district court enter express findings upon the issues referred to it by our prior mandate. 498 F.2d at 220. Thereafter the district court should enter its judgment in accord with its findings. Upon entry of such judgment, appellants may appropriately amend their notice of appeal and appellee may file a cross-appeal.

The record as modified shall be recertified to this court for appropriate further timely proceedings. We retain jurisdiction of this appeal subject to this limited remand.