Harry Davis, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs July 16, 1985, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Harry Davis*, petitioner, for himself.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

Opinion by Judge Rogers, September 6, 1985:

Harry Davis has filed a petition for review of the action of the Pennsylvania Board of Probation and Parole (Board) taken August 22, 1984 denying him administrative relief in the form of his discharge from custody and monetary damages for his alleged unlawful incarceration.

Mr. Davis was convicted of aggravated robbery in the Court of Common Pleas of Philadelphia County and, on October 31, 1967 he was sentenced to a term of three to fifteen years. He was admitted to parole on November 8, 1972.

Mr. Davis was convicted of aggravated assault in the Court of Common Pleas of Philadelphia and, on June 10, 1974 was sentenced to a term of one to three years to be served at the expiration of his original sentence. He was recommitted as a convicted parole violator effective June 10, 1974.

On June 11, 1976, the Board again paroled Mr. Davis on his original sentence and reentered him to serve the second sentence for one to three years.

The Board's records show that Mr. Davis was released on parole from the one to three year sentence on January 5, 1977.

In April, 1978 Mr. Davis applied to leave Pennsylvania to live with his wife in Jamaica, New York, agreeing to comply with the conditions of his parole and to return to Pennsylvania when requested by the Board. He also waived extradition. The Board granted this application on August 11, 1978.

On August 11, 1981, Mr. Davis was arrested in New York City. On July 1, 1982 he was convicted in Queens County, New York of violating Section 125.10

of the Penal Law an offense called Criminally Negligent Homicide and placed in the category of the least serious felonies, Class E. He was sentenced to serve a prison term of from two to four years.

On April 6, 1984, apparently having satisfied his New York sentence, Mr. Davis was returned on a Board warrant to a Pennsylvania State correctional facility.

On May 29, 1984 a Full Board Violation Revocation Hearing was conducted at which Mr. Davis was represented by counsel. The charges heard were (1) violation of Condition 3 of his parole for failing to notify his parole agent of a number of arrests in New York preceding his arrest on the homicide charge and (2) that he was a convicted parole violator. On June 26, 1984, the Board found that Mr. Davis had violated Condition 3 and ordered him to serve eighteen months on this account. As a convicted parole violator, Mr. Davis was ordered to serve the unexpired term of his original fifteen year sentence amounting to six years, seven months and fourteen days.

Mr. Davis presents three questions. The first is that of whether Pennsylvania had jurisdiction, presumably to detain him at the time of his release in New York, to return him to Pennsylvania and to recommit him pursuant to Section 21.1 of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331-.21(a). Unfortunately, he cites no relevant authority for his argument that the Board did not have jurisdiction; and Section 1 of the Act of June 25, 1937, P.L. 2086, *as amended*, 61 P.S. §321, relating to interstate parole compacts provides that the officers of a sending state may at all times enter a receiving state and retake persons on parole, without formalities other than establishing the authority of the officer and the identity of the person taken. That there are no con-

stitutional infirmities in these procedures was settled by the case of *Commonwealth v. Kaminsky,* 206 Pa. Superior Ct. 480, 214 A.2d 251 (1965). In addition, Mr. Davis signed an agreement to return which effected a waiver of any right to more elaborate procedures for his return. *Kaminsky.*

Mr. Davis also makes an attenuated and inscrutable argument concerning the parole and institutional numbers assigned to his files. He was given parole and institution numbers for each of his Pennsylvania convictions and paroles. Since at the time he was permitted to reside in New York, he was on parole from both of his Pennsylvania convictions, we fail to discern why these numbers or their use on his documents, could affect the propriety of his detainer and return to Pennsylvania.

Mr. Davis's second question is that his full board hearing conducted on May 29, 1984 was untimely because it was not held within 120 days of notification of his New York conviction on July 1, 1982. This contention is ineffective because he was confined in New York until April 6, 1984 and the regulation upon which he relies, 37 Pa. Code §71.4(2), provides that the 120 day period shall in such case run from the time he is returned to a Pennsylvania facility.

Mr. Davis finally questions the propriety of the Board's order that he serve the remainder, six years, seven months and fourteen days, of his unexpired maximum sentence of fifteen years for aggravated robbery. The New York conviction was for Criminally Negligent Homicide. Section 125.10 of the New York Penal Law (Consol. 1984) provides that "[a] person is guilty of criminally negligent homicide when with criminal negligence, he causes the death of another person." Section 15.05(4) of the Penal Law provides that "[a] person acts with criminal negli-

gence with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.''

The Board equated Section 125.10 of the New York Penal Law with the crime of murder under Pennsylvania law and applied the presumptive range allowed for murder by its regulation at 37 Pa. Code §75.2—36 months to expiration of maximum sentence. The Board fixed upon "expiration of maximum sentence" as the penalty Mr. Davis should suffer as a convicted parole violator. The Board erred. Murder is still defined in Pennsylvania as the unlawful killing of another with malice aforethought express or implied. Malice is a state of mind exhibiting wickedness of disposition; hardness of heart; cruelty; recklessness of consequences; and a mind regardless of social duty. *Commonwealth v. Malone,* 354 Pa. 180, 183, 47 A.2d 445, 447 (1946). Murder in any degree is a felony of the first degree in Pennsylvania. These definitions and this degree of culpability attached to murder by Pennsylvania law are far removed from Criminally Negligent Homicide defined by the New York Penal Code as a gross deviation from the standard of reasonable care and classified by that law as the least serious of felonies.

We believe that Mr. Davis's New York conviction is better compared with the Pennsylvania offense of involuntary manslaughter defined at 18 Pa. C. S. §2504 as causing death by acting in a reckless or grossly negligent manner and classified as a misdemeanor of the first degree. The presumptive range for this of-

fense by the Board's regulation is from twelve to eighteen months.

We will reverse the Board's order insofar as it directs that Mr. Davis serve the unexpired balance of his maximum sentence of fifteen years and remand the record for an order employing in the first instance the presmuptive range applicable to convictions of involuntary manslaughter; in all other respects the Board's order is affirmed.

### ORDER

AND Now, this 6th day of September, 1985, the order of the Pennsylvania Board of Probation and Parole made August 22, 1984 denying the petitioner's request for administrative relief is reversed as is the Board's order of June 26, 1984 insofar as it recommits the petitioner as a convicted parole violator to serve the unexpired term of his June 10, 1974 sentence of from three to fifteen years for aggravated robbery and we remand the record for an order employing in the first instance the presumptive range applicable to convictions of involuntary manslaughter; in all other respects the Board's order of June 26, 1984 is affirmed.

Judge BARRY did not participate in the decision in this case.