DLD-209                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2293
_____

IN RE: EDWARD J. BROWN,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to D.C. Civ. No. 3:08-cv-00203)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 27, 2010

Before: FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 2, 2010)

_____

OPINION
_____

PER CURIAM

In July 2008, Petitioner Edward James Brown, a prisoner proceeding pro se,

petitioned the District Court for a writ of habeas corpus, alleging that his due process

rights are being violated by a delay in his state parole revocation proceedings.  The

District Court denied Brown's petition, finding that Brown failed to demonstrate that he

suffered any violation of his due process rights with respect to the timing of his parole

revocation hearing. On April 20, 2010, we declined Brown's request for a certificate of appealability. On May 7, 2010, Brown petitioned this Court for a writ of mandamus, requesting an order dismissing his parole detainer with prejudice.

Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). State prisoners challenging the denial of parole must proceed by filing a habeas petition pursuant to 28 U.S.C. § 2254. See Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001). As noted above, the District Court has previously denied Brown's petition for habeas, in which he requested the same relief he seeks now. See Brown v. Com. of Pa. Bd. of Prob. and Parole, 2010 WL 411832 (W.D.Pa. 2010). In affirming the District Court order, we explained that Brown failed to demonstrate "a substantial showing of the denial of a constitutional right." See C.A. 10-1424. Mandamus cannot be used to obtain relief that has been sought and denied. See e.g., United States ex rel. McQueen v. Wangelin, 527 F.2d 579, 582 (8th Cir. 1975) (holding that mandamus will not lie to disturb a final order on a habeas petition). More fundamentally, to the extent that Brown seeks an order directing state courts or state officials to take action, the request lies

2

outside the bounds of our mandamus jurisdiction as a federal court.[1]  See, e.g., In re

Tennant, 359 F.3d 523, 531 (D.C. Cir. 2004) (explaining that mandamus jurisdiction lies

with the court that has the ultimate authority to review a decision).

Because Brown has not shown a right to issuance of the writ that is "clear and

indisputable," we shall deny his mandamus petition.

---

[1]To the extent that Brown is claiming a violation of 37 Pa. Code § 71.4, a claim based on an erroneous application of state law is not cognizable in federal court.  See Taylor v. Horn, 504 F.3d 416 (3d Cir. 1007).  Moreover, it appears that no state law has been violated, as Pennsylvania courts have held that the 120-day period for a parole revocation hearing runs from the time a prisoner is returned to a Pennsylvania facility, which in Brown's case, has not yet happened.  See Davis v. Com., 498 A.2d 6, 8 (Pa. Commw. Ct. 1985).