IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glenn Thirkield,                         :
                                         :
                    Petitioner           :
                                         :
          v.                             : No. 210 C.D. 2018
                                         : Submitted: August 31, 2018
Pennsylvania Board of                    :
Probation and Parole,                    :
                                         :
                    Respondent           :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: October 1, 2018


          Presently before this Court is the application of Nicholas Newfield,
Esquire, appointed counsel (Counsel) for leave to withdraw as counsel for Glenn
Thirkield (Thirkield). Thirkield has filed a petition for review of the determination
of the Pennsylvania Board of Probation and Parole (Board) revoking his parole and
recalculating his parole violation maximum date. Counsel seeks leave to withdraw
on the grounds that Thirkield's petition for review is without merit. For the
following reasons, we grant Counsel's application for leave to withdraw and affirm
the Board's decision.

          Thirkield was sentenced to a 10- to 20-year term of imprisonment based
on his conviction for robbery in Erie County, Pennsylvania. Thirkield had a

minimum sentence date of December 6, 1988, and a maximum sentence date of December 6, 1998. Certified Record (C.R.) at 1-2. On August 24, 1989, the Board issued a decision paroling Thirkield, and he was released on parole on September 13, 1989, to an approved residence in Gary, Indiana. C.R. at 4-6, 8.

On March 10, 1995, Thirkield failed to report as instructed. He was arrested by the Lake County, Indiana police on March 22, 1995, and released on $2000.00 cash bond. C.R. at 9-10.[1] On May 8, 1995, the Board declared Thirkield delinquent effective March 10, 1995, and issued a warrant to detain Thirkield on March 22, 1996. C.R. at 11-12. On March 14, 1996, Thirkield was arrested in Jackson County, Michigan. On May 30, 1996, he pled guilty to armed robbery, unarmed robbery, larceny, felony firearm, and carrying a concealed weapon and was sentenced to an aggregate 20- to 40-year sentence. C.R. at 29-30, 43-44, 81-82.

Thirkield was paroled from his Michigan sentence effective January 20, 2016, and returned to the Pennsylvania Department of Corrections on January 21, 2016. C.R. at 223. The Board executed a Notice of Charges and Hearing on February 12, 2016, alleging that Thirkield should be recommitted as a technical and convicted parole violator based on his failure to report as required by Parole Condition #3a and his criminal convictions in Michigan. C.R. at 171. On February 29, 2016, a panel violation/revocation hearing was conducted during which Thirkield admitted to the foregoing parole violations. C.R. at 191-200. As a result, by decision mailed May 25, 2016, the Board recommitted Thirkield as a technical

---

[1] The Lake County, Indiana charges were possessing a gun without a permit or a license, disobeying a stop sign, resisting a law enforcement officer, possessing marijuana, and visiting a common nuisance and were not resolved at the time of Thirkield's parole revocation hearing. C.R. at 201-204.

parole violator to serve 6 months' backtime[2] and as a convicted parole violator to serve a concurrent 30 months' backtime.  C.R. at 224.  The Board recalculated his parole violation maximum date to April 13, 2025.  *Id.*

In June 2016, Thirkield filed timely counseled and *pro se* Administrative Appeals and Petitions for Administrative Review.  C.R. at 232-234.[3] In his appeals, Thirkield contested:  (1) the revocation of his parole; (2) the amount of backtime imposed; (3) the amount of credit that he received on his original sentence; and (4) the timeliness of the revocation hearing.[4]

On October 3, 2017, the Board's appeal panel denied Thirkield's appeal. C.R. at 274-277.  Initially, the Board explained that the decision to recommit Thirkield as a convicted parole violator "gave the Board statutory authority to

---

[2] This Court has previously defined the term backtime as:

> [T]hat part of an *existing* judicially-imposed sentence which the Board directs a parolee to complete following a finding after a *civil* administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole.

*Krantz v. Pennsylvania Board of Probation and Parole,* 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984) (emphasis in original).

[3] Following the initial appeals, Thirkield submitted other items of correspondence to the Board containing additional legal argument.  C.R. at 238-241, 243-246, 248-250, 251, 253-255, 260-262, 264-267, 272.  However, the Board's regulations provide that second or subsequent requests for administrative relief will not be received.  *See* 37 Pa. Code §73.1(b)(3) ("Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received.").

[4] Section 71.4(1)(i) of the Board's regulations provides, in relevant part, "If a parolee is confined outside the jurisdiction of the [Department], such as confinement out-of-State, . . . where the parolee has not waived the right to a revocation hearing by a panel . . . , the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility."  37 Pa. Code §71.4(1)(i).

3

recalculate your sentence to reflect that you received no credit for the period you were at liberty on parole" under Section 6138(a)(2) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(2), and "[t]he Board advised [him] of this potential penalty on the parole conditions [that he] signed on September 12, 1989." C.R. at 274. The Board also stated, "the ability to challenge the recalculation decision after it is imposed satisfies [Thirkield's] due process rights" so that the "recalculation of [his] maximum sentence date did not violate any constitutional provisions. *Young v. Commonwealth*, 409 A.2d 843 (Pa. 1979)." *Id.*

Regarding the imposition of backtime, the Board noted the following presumptive recommitment ranges under Section 75.2 of its regulations for the Pennsylvania equivalent to his new Michigan convictions for armed robbery is 30 to 48 months; unarmed robbery is 24 to 40 months; felony firearm possession is 18 to 24 months; felony larceny is 6 to 12 months; and carrying a concealed weapon is 12 to 18 months. 37 Pa. Code §75.2. The Board explained that adding these ranges together results in a maximum range of 214 months that could have been imposed so that "the decision to recommit [Thirkield] to serve 30 months does not exceed the presumptive recommitment range and is not subject to challenge." C.R. at 275.

Regarding the recalculation of Thirkield's maximum violation date, the Board stated that he was paroled on September 13, 1989, with a maximum date of December 6, 1998, so that he had a total of 3,371 days remaining on his sentence at the time of parole. C.R. at 275. The Board also explained that, as outlined above, it did not grant him credit pursuant to Section 6138(a)(2) of the Parole Code so he still had 3,371 days remaining on his original sentence based on his recommitment as a convicted parole violator. *Id.*

4

The Board further explained that it "did not give [Thirkield] any credit for the period [that] he was confined from March 14, 1996, to January 20, 2016, because [he was] confined on the new criminal charges and the Board detainer or solely the new criminal charges during that period. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980)." C.R. at 275. Additionally, while Section 6138(a)(5.1) of the Parole Code[5] provides that parole violators who receive a new sentence to be served in another state must serve the original sentence first, "that provision is conditional on the other state returning you to Pennsylvania," and that "[i]n this case, the State of Michigan chose to keep custody of you and did not make you available to the Board until they [sic] paroled you from your Michigan sentence on January 20, 2016." *Id.* "Adding 3,371 days to that availability date yields a new max date of April 13, 2025." *Id.*

Finally, the Board noted that because Thirkield was confined outside the Department's jurisdiction in Michigan, "the Board was required to hold the revocation hearing within 120 days of the date they [sic] received official verification of [Thirkield]'s return to [a State Correctional Institution (SCI)]. 37 Pa. Code §71.4(1)(i)." C.R. at 275. The Board explained that "[i]n this case, [Thirkield] was returned to an SCI on January 21, 2016, and the Board conducted the panel revocation hearing 39 days later on February 29, 2016, which is less than the 120 days allowed by the regulation." *Id.* As a result, the Board found no grounds to grant administrative relief and affirmed its October 5, 2016 decision recommitting Thirkield as a convicted parole violator and setting his new violation maximum date as April 13, 2025. C.R. at 276. Thirkield then filed the instant petition.

---

[5] Section 6138(a)(5.1) states, in relevant part, "If the parolee is sentenced to serve a new term of total confinement . . . by a court of another jurisdiction because of a . . . plea . . . the parolee shall serve the balance of the original term before serving the new term." 61 Pa. C.S. §6138(5.1).

5

This Court appointed Counsel to represent Thirkield in his appeal. Thereafter, Counsel filed an application to withdraw and a no-merit letter under *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), contending that the appeal is meritless.

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may withdraw if counsel: (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), or a no-merit letter satisfying the requirements of *Turner*;[6] and (3) advises the petitioner of his right to retain new counsel or submit a brief on his own behalf. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). Once appointed counsel has complied with the technical requirements for withdrawal, we independently review the merits of the petitioner's claims. *Id.* at 70.

Upon review, Counsel's letter satisfies the technical requirements of *Turner*. The letter sets forth the procedural history of the case, reflecting his review of the record. Counsel states that he conducted a conscientious and thorough review

---

[6] In cases where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit an *Anders* brief that

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) states counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Where, as here, the right to counsel is statutory and does not derive from the United States Constitution, counsel may provide a "no-merit letter," which details the nature and extent of the attorney's review, identifies each issue the petitioner wishes to raise, and explains why counsel concludes those issues are meritless. *Turner*, 544 A.2d at 928.

of the record, applicable statutes and case law. He sets forth the issues Thirkield raised in his administrative appeal, provides a thorough analysis as to why the case lacks merit, and cites applicable statutes, regulations and case law in support.

Based on his review, Counsel concludes that Thirkield's appeal to this Court is without merit, and he requests permission to withdraw. Counsel provided Thirkield with a copy of the *Turner* letter and his request to withdraw. Counsel advised Thirkield of his right to retain new counsel or proceed by representing himself.[7] As we are satisfied that Counsel has discharged his responsibility in complying with the technical requirements to withdraw from representation, we will conduct an independent review of whether Thirkield's petition for review lacks merit.[8]

Thirkield first claims that the Board erred in imposing 30 months' backtime because it is arbitrary, excessive, and beyond the presumptive range for the charged violations. However, as outlined above, on May 30, 1996, he pled guilty to armed robbery, unarmed robbery, felony larceny, felony firearm possession, and carrying a concealed weapon in Michigan.[9] Pursuant to Section 75.2 of the Board's regulations, the presumptive backtime range for armed robbery is 30 to 48 months;

---

[7] Thirkield has not retained new counsel, and has not filed a *pro se* brief in support of his petition for review.

[8] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch*, 77 A.3d at 70 n.4.

[9] With respect to imposing backtime based on Thirkield's Michigan convictions, we have explained, "in selecting the proper presumptive range for recommitment of a convicted parole violator, the Board must look to the conduct for which the parolee was convicted, determine what crime that conduct would constitute if it occurred in Pennsylvania, and apply the presumptive range for the Pennsylvania crime." *Harrington v. Pennsylvania Board of Probation and Parole*, 507 A.2d 1313, 1315 (Pa. Cmwlth. 1986). Thirkield does not dispute the Board's determinations in this regard.

7

unarmed robbery is 24 to 40 months; felony firearm possession is 18 to 24 months; felony larceny is 6 to 12 months; and carrying a concealed weapon is 12 to 18 months. 37 Pa. Code §75.2. "This court will not review the Board's exercise of discretion in imposing backtime for parole violations where the violations are supported by substantial evidence and the backtime imposed is within the published presumptive ranges for those violations. *Chapman v. Pennsylvania Board of Probation and Parole*, [484 A.2d 413, 417 (Pa. Cmwlth. 1984)]." *Lotz v. Pennsylvania Board of Probation and Parole*, 548 A.2d 1295, 1296 (Pa. Cmwlth. 1988). Accordingly, because Thirkield admitted to the convictions and because the backtime imposed was within the presumptive range of only one of the five convictions underlying the revocation of his parole, his claim that the Board erred in imposing 30 months' backtime is meritless.

Thirkield next claims that the Board failed to conduct a timely revocation hearing. As outlined above, Thirkield was paroled from his Michigan sentence on January 20, 2016, and was returned to the Department's jurisdiction the following day. Section 71.4(1)(i) of the Board's regulations provides that because Thirkield was "confined outside the jurisdiction of the [Department]," his revocation hearing was required to "be held within 120 days of the official verification of the return of the parolee to a State correctional facility." 37 Pa. Code §71.4(1)(i). The panel revocation hearing in this case was held within 39 days after Thirkield was returned to the Department's custody from Michigan. As a result, Thirkield's parole revocation hearing was timely and his claim to the contrary is without merit. *See Dill v. Pennsylvania Board of Probation and Parole*, 186 A.3d 1040, 1045 (Pa. Cmwlth. 2018) (holding that "[s]o long as a parolee is in federal custody, the Board's duty to hold a revocation hearing is deferred until the parolee is returned to state

8

custody, regardless of when the Board received official verification of his new conviction"); *Davis v. Board of Probation and Parole*, 498 A.2d 6, 8 (Pa. Cmwlth. 1985) (holding that the 120-day period for conducting a revocation hearing did not begin with date of the parolee's conviction in New York, but with the date that he was returned to a Pennsylvania facility). *See also* Section 71.5(a) of the Board's regulations, 37 Pa. Code §71.5(a) ("If the parolee is in custody in another state . . . the Board may lodge its detainer but other matters may be deferred until the parolee has been returned to a State correctional facility in this Commonwealth.").

Finally, the Board did not err in computing Thirkield's parole violation maximum date. At the time that Thirkield pled guilty, was sentenced, and began to serve his sentence in Michigan in 1996, Section 6138(a)(5.1) of the Parole Code regarding the order of the service of his sentences had not yet been enacted and its provisions are inapplicable to the service of his original sentence herein. *See Dill*, 186 A.3d at 1046 ("Here, Dill served his federal sentence in accordance with existing law that required new federal sentences to be served prior to serving backtime. Indeed, Dill had been in federal custody approximately 13 years before the Parole Code was amended in 2010 to change the order of serving sentences. 61 Pa. C.S. §6138(a)(5.1). The 2010 amendment is inapplicable to Dill, who was sentenced in 1998.").

When Thirkield was paroled on September 13, 1989, he still had 3,371 days remaining on his original sentence. Adding that time to the date that he was returned to the Department's custody by the Michigan authorities yields a new parole violation maximum date of April 13, 2025. The Board's recommitment order properly added the remainder of his original sentence to the date of his return to the Board's custody. Section 6138(a)(2) of the Parole Code specifically provides that

9

as a convicted parole violator, Thirkield "shall be reentered to serve the remainder of the term which [he] would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole." 61 Pa. C.S. §6138(a)(2).[10]

In sum, Thirkield was required to serve his Michigan sentence first and is not entitled to double credit for that time against his original Pennsylvania sentence. *See, e.g.*, *id.*; *Lawrence v. Pennsylvania Board of Probation and Parole*, 145 A.3d 799, 804 (Pa. Cmwlth. 2016) ("Under Section 21.1(a) of the Act commonly known as the Parole Act[11] in effect in 2008 and the Prisons and Parole Code prior to the enactment of Section 6138(a)(5.1), an inmate convicted of a federal crime while on parole was required to serve his federal sentence before serving the remainder of his state sentence.") (citations omitted).

Upon review, we agree with Counsel that Thirkield's claims regarding the dismissal of his administrative appeals are without merit. Accordingly, we grant Counsel's application for leave to withdraw as counsel, and we affirm the order of the Board dismissing Thirkield's administrative appeals.

MICHAEL H. WOJCIK, Judge

---

[10] Thirkield does not raise any issue implicating the Board's discretion regarding credit under Section 6138(a)(2.1) of the Parole Code, 61 Pa. C.S. §6138(a)(2.1).

[11] Act of August 6, 1941, P.L. 861, added by the Act of August 24, 1951, P.L. 1401, *as amended*, *formerly* 61 P.S. §331.21a(a).

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glenn Thirkield,                    :
                                    :
                    Petitioner      :
                                    :
          v.                        : No. 210 C.D. 2018
                                    :
Pennsylvania Board of               :
Probation and Parole,               :
                                    :
                    Respondent      :

O R D E R

AND NOW, this 1st day of October, 2018, Nicholas Newfield, Esquire's application for leave to withdraw as counsel is GRANTED, and the order of the Pennsylvania Board of Probation and Parole, dated January 17, 2018, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge